865 F.2d 268
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FLORIDA DREDGE & DOCK, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1282.
 United States Court of Appeals, Federal Circuit.
 Dec. 9, 1988.
 
 Before EDWARD S. SMITH, NIES and PAULINE NEWMAN, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States Armed Services Board of Contract Appeals (board), ASBCA No. 34571, dated November 5, 1987, denied Florida Dredge & Dock, Inc.'s (Florida Dredge) appeal from the contracting officer's final decision to deny Florida Dredge's claim against the United States (Government) for additional expenses incurred, arising pursuant to contract No. F08602-86-C-0076. We affirm.
 
 OPINION
 
 2
 This court's review of decisions by the board is very limited. We may set aside a decision by the board only if we determine either that the board's legal conclusions are in error or that the board's factual findings are fraudulent, capricious, so grossly erroneous as to imply bad faith, or are not supported by substantial evidence. 41 U.S.C. Sec. 609(b) (1982); Erickson Air Crane Co. of Washington, Inc. v. United States, 731 F.2d 810, 814 (Fed.Cir.1984). In view of both the record before us and the arguments presented by the parties on appeal, we conclude that Florida Dredge has not provided us with grounds to set aside the board's decision.
 
 
 3
 First, Florida Dredge argues that the board erred in determining that the errata sheet, which eliminated the spoil area design requirements, had no effect on Florida Dredge's responsibility to determine the characteristics of the material to be dredged. This argument is unpersuasive. The errata sheet did not alter, neither expressly nor impliedly, Florida Dredg'e contractual responsibility, arising under the "Site Investigation and Conditions Affecting the Work" clause, to determine from a site investigation "the general and local conditions which can affect the work or its cost." Further, we have considered Florida Dredge's assertion as to the insufficiency of the spoil area design, and conclude that there is substantial evidence to support the board's factual findings that the spoil area was adequately designed to complete the dredging operation.
 
 
 4
 Second, Florida Dredge contends that the board erred in finding that the Government did not breach the contract by improperly withholding superior knowledge regarding the composition of the channel. We disagree. The Government breaches the contract by improperly withholding superior knowledge if the Government fails to provide the contractor with relevant information and the Government is aware that the contractor has no knowledge of and no reason to obtain such information. See American Ship Bldg. Co. v. United States, 654 F.2d 75, 79 (Ct.Cl.1981). We find no such breach of this contract because, under the "Site Investigation and Conditions Affecting the Work" clause, the responsibility was cast upon Florida Dredge "as to the character, quality, and quantity of surface and subsurface materials or obstacles to be encountered insofar as this information is reasonably ascertainable from an inspection of the site." Furthermore, there is no duty imposed upon the Government to disclose information to the contractor where the information is reasonably available to the contractor. L.G. Everist, Inc. v. United States, 231 Ct.Cl. 1013, 1018 (1982), cert. denied, 461 U.S. 957 (1983). We conclude that the board did not err in denying Florida Dredge's superior knowledge claim. There is substantial evidence to support the board's finding that the information regarding the character and quality of the material on the bottom of the inner channel was readily available to Florida Dredge by performing a simple probing investigation, identical to the method employed by Florida Dredge in the outer channel.
 
 
 5
 PAULINE NEWMAN, Circuit Judge, dissenting.
 
 
 6
 I respectfully dissent. Knowledge of the presence of the silt and the need for a second spoil area was not chargeable to the dredging contractor, after the Air Force deleted the design responsibility from the contract. An equitable adjustment for the added 1900 feet of the channel is in order, for it is unjust to require the contractor to bear the full increased costs of performance, when the Air Force knew about the differing site condition, did not advise the contractor, and admits that the design of the spoil area was inadequate.